IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARYL CLEMONS,
   *Plaintiff*,

v.                               Civil Action No. ELH-14-1309

HOME DEPOT,
   *Defendant*.

**MEMORANDUM**

Daryl Clemons, the self-represented plaintiff, filed suit against Home Depot, defendant. ECF 2 (Complaint).[1] Plaintiff alleges that on or about September 2013, he purchased a dead bolt lock and keys from Home Depot and installed the dead bolt lock on his front door for safety reasons. ECF 2 at 1. According to plaintiff, when he was at Home Depot, he noted that all of the dead bolt locks and keys looked the same. *Id.* On March 8, 2014, he observed that the key for the new dead bolt lock matched an older key that he already had in his possession. *Id.* According to plaintiff, after he installed the new dead bolt lock, "priceless" items in his residence went missing, were rearranged, or were otherwise tampered with. *Id.* As a result, plaintiff has been living in fear, is scared to purchase any new items, and has been "sick, and feeling poison." *Id.* Plaintiff seeks ten million dollars in damages. *Id.*

---

[1] According to defendant: "Home Depot is a non-existing corporate entity. However, Home Depot U.S.A., Inc. operates the store at 6620 Reisterstown Road, Baltimore, Maryland, where service of the Complaint was made . . . ." ECF 1 at ¶ 7.

Plaintiff originally filed suit in the Circuit Court for Baltimore City. On April 17, 2014, defendant removed the action to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441; *see also* Notice of Removal (ECF 1). Defendant asserts that Home Depot U.S.A., Inc. is incorporated in Delaware, with its principal place of business in Atlanta, Georgia." *Id.*

Home Depot filed a motion to dismiss (ECF 4) and accompanying memorandum (ECF 10) (collectively, the "Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the Motion, defendant asserts that plaintiff's Complaint fails to state a claim upon which relief can be granted.

Defendant argues that the Complaint should be dismissed because it fails to state "a legal cause of action, duty, or explanation that establishes what Plaintiff is alleging Home Depot did or failed to do and how that act or failure resulted in harm to Plaintiff."  ECF 10 at 2.  Defendant contends: "Plaintiff does not state any facts of wrongdoing on the part of Home Depot, fails to identify any cause of action or legal theories, and forces Defendant and this Court to speculate as to what the alleged wrongful conduct is, as well as how, when and why it took place or how Plaintiff was actually damaged." *Id.*

On April 18, 2014, in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the Clerk of Court mailed a letter to plaintiff notifying him that defendant had filed a motion to dismiss and advising him of his right to respond within seventeen days. Further, the Clerk informed plaintiff that failure to file a written response within seventeen days from the date of the letter could result in dismissal of his case.  *See* ECF 8.  To date, plaintiff has not filed an opposition, and the time for him to do so has long expired.  *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).  No hearing is necessary to resolve this matter.  *See* Local Rule 105.6.

Because plaintiff failed to file an opposition to the Motion, this Court has the discretion to dismiss the case without reaching the merits.  When a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion.  *Pueschel v. United States*, 369 F.3d 345,

354 (4th Cir. 2004); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). Nevertheless, I detect no obvious lack of merit in defendant's argument that the Complaint fails to state a cognizable claim against defendant. Indeed, although I need not definitively endorse defendant's position, I am inclined to agree with defendant that plaintiff's pleading is vague to the point of inscrutability.[2]

---

[2] In light of this finding, I need not address defendant's alternative argument that the Complaint should be dismissed because plaintiff filed suit against "Home Depot," a non-existent corporate entity, rather than "Home Depot U.S.A., Inc.," the corporate entity that operated the store identified in the Complaint. *Id.* at 3.

In light of plaintiff's failure to oppose the Motion, I can only assume that plaintiff concedes that his Complaint is deficient for the reasons stated by defendant.  Therefore, I will exercise my discretion to dismiss the Complaint, without prejudice, on the basis of plaintiff's failure to oppose the Motion.  The dismissal is on the terms set forth in the accompanying Order.


Date: July 28, 2014          /s/
                             Ellen Lipton Hollander
                             United States District Judge